UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.:

JOEL AITKENS,

   Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, D/B/A
ARS ACCOUNT RESOLUTION

   Defendant.
_____/

## PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, D/B/A ARS ACCOUNT RESOLUTION (hereinafter referred to as "Defendant"), by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the County Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and states as follows:

1. Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, D/B/A ARS ACCOUNT RESOLUTION, has been named as a Defendant in a civil action brought against it in the County Court of the Seventeenth Circuit, in and for Broward County, Florida styled *Joel Aitkens v. Healthcare Revenue Recovery Group, LLC, d/b/a ARS Account Resolution*, Case No.: COSO-14-002153.  A copy of the *Complaint for Violation of the Florida Consumer Collection Practices Act §§ 559.55-559.785, Florida Statutes, the Fair Debt Collection Practices Acts 15*

*U.S.C. §1692, and Florida Deceptive and Unfair Trade Practices Act, 15 U.S.C. §501.204, Florida Statutes* ("Complaint") served in that action, in addition to all process and pleadings served upon Defendant, is attached hereto as **Composite Exhibit "A"**.

2. That the aforesaid action was filed with the Clerk of the Court in Broward County, Florida and service of process of said Summons and Complaint, served upon the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, D/B/A ARS ACCOUNT RESOLUTION., on or about April 21, 2015.

3. That the controversy herein between the Plaintiff and Defendant is a controversy based upon consumer protection rights created by and enforced through federal statute 15 U.S.C. §1692, *et seq.*, entitled the Fair Debt Collection Practices Act ("FDCPA"); Florida Statute §559.55, *et seq.*, entitled the Florida Consumer Collection Practices Act ("FCCPA"); and Florida Statute §§501.201 – 501.213, entitled the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")*.*

4. That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1331, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction.

5. This Notice of Removal is filed with this Court within 30 days after service on Defendant of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL

### Statement of the Case and Facts

The instant suit is a civil action which includes a federal question, specifically, a claim that the Defendant violated Plaintiff's consumer protection rights under the Fair Debt Collection Practices Act §1692; the Florida Consumer Collection Practices Act, Florida Statute §559.55; and the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §§501.201 – 501.213. The original Complaint seeks an award of damages against the Defendant, for alleged violations of these federal consumer protection statutes.

## Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331.  Section 1331 states as follows:

"§1331.  Federal question.

*The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The original Complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331.  This Honorable Court therefore has original jurisdiction of this civil action.

## Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

*"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . ."*

Given that this action is one over which the United States District Court for the Southern District of Florida would have original jurisdiction, this case may properly be removed by

Defendant pursuant to 28 U.S.C. §1446(a) which provides:

> *"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, the Defendant has filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal.

### Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  The original Complaint was filed with the Court and served upon the Defendant on or about April 21, 2015, and this Petition for Removal has been filed less than thirty (30) days from service of the original Complaint.

### Consent of Co-defendants

Undersigned counsel represents that no other co-Defendant has been listed or served as a party to this lawsuit and, with respect to this removal, and therefore no consent is necessary.

### Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action.  28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the

jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

Defendant would submit that Plaintiff has asserted a claim under state law based upon the same factual allegations which support the federal claim.

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, D/B/A ARS ACCOUNT RESOLUTION, respectfully requests this Honorable Court enter its Order removing the entire case from the County Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court, Southern District of Florida, Fort Lauderdale Division.

Dated this **8th day of May, 2015**.

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent via electronic mail on May 8, 2015, to the following: Matthew J. Militzok, Esquire of the law firm of Militzok & Levy, P.A., at mjm@mllawfl.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
*Attorneys for Defendant*